IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MEHDI NOOHI, *et al.*,           *

    Plaintiffs,                *

v.                               *        Civil Action No. RDB-11-00585

TOLL BROS., INC., *et al.*,      *

    Defendants.                *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

This is a breach of contract action for damages and other relief filed individually by Mehdi Noohi and Soheyla Bolouri (collectively "Plaintiffs") and on behalf of all others similarly situated against Toll Bros., Inc., and its wholly-owned subsidiaries and agents Toll Land Corp. No. 43 and Toll MD V Limited Partnership and all other similarly situated entities by or through which Toll Brothers markets and sells residential real estate properties within the United States and its territories. Pending before this Court is Plaintiffs' Motion for Leave to File a Sur-Reply in Response to Defendants' Memorandum in Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss or Stay Pending Arbitration (ECF No. 9). Also pending before this Court is Defendants Toll Brothers, Inc., Toll MD V Limited Partnership, and Toll Land Corp. No. 43's Motion to Dismiss or Stay Plaintiffs' Complaint Pending Arbitration (ECF No. 5). The facts of this case will be fully addressed in the context of a later opinion concerning Defendants' Motion to Dismiss.

With regard to Plaintiffs' Motion for Leave to File a Sur-Reply, the parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Plaintiffs' Motion for Leave to File a Sur-Reply (ECF No. 9) is GRANTED.

1

First, Plaintiffs move for Leave to File a Sur-Reply claiming that Defendants raised new factual issues as well as submitted a new affidavit and new documents outside of the pleadings in their Reply to Plaintiffs' Opposition to the Motion to Dismiss or Stay Plaintiffs' Complaint pending Arbitration (ECF No. 8). Specifically, Plaintiffs claim that they have not had the opportunity to respond to Defendants' allegation that Plaintiffs defaulted first and to the affidavit and documents submitted in support of that allegation. In general, Parties are not permitted to file sur-replies. *See* Local Rule 105.2(a); *Stoyanov v. Mabus*, No. 07-1764, 2009 WL 4664518, at * 8 (D. Md. Dec. 9, 2009). A party moving for leave to file a sur-reply must show a need for a sur-reply. *Id.* If a defendant raises new legal issues or new theories in its reply brief, there is a basis to permit a plaintiff to file a sur-reply. *TECH USA, Inc. v. Evans*, 592 F. Supp. 2d 852, 862 (D. Md. 2009); *Interphase Garment Solutions, LLC, v. Fox TV. Stations, Inc.*, 566 F. Supp. 2d 460, 466 (D. Md. 2008). Moreover, "[s]urreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003). As the issue of Plaintiffs' default was not previously addressed in the pleadings and in light of Defendants' introduction of new documents in support of that matter, Plaintiffs' are permitted to file a sur-reply. Therefore, Plaintiffs' Motion for Leave to File a Sur-Reply (ECF No. 9) is GRANTED.

Consequently, this Court will consider and incorporate into the record Plaintiffs' proposed Sur-Reply (ECF No. 9-1) filed as an attachment to Plaintiffs' Motion for Leave to File a Sur-Reply. Because Defendants, in their Opposition to Plaintiffs' Motion for Leave to File a Sur-Reply, responded to the substantive arguments made by Plaintiffs in the Sur-Reply, this Court declines to allow further briefing on this matter.

2

Second, in Plaintiffs' Reply in Support of their Motion for Leave to File a Sur-Reply (ECF No. 12), Plaintiffs' request that this Court strike Section III of Defendants' Opposition to Plaintiffs' Motion for Leave to File a Sur-Reply (ECF No. 11) because it submits supplemental authority to this Court without seeking leave to do so in violation of Local Rule 105.2(a). This Court has previously held that "[t]he ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered." *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 735 (D. Md. 2006) (citing *United States v. Williams*, 445 F.3d 724, 736 n. 6 (4th Cir. 2006)). Moreover, this Court has also noted that "[c]ourts have broad discretion to decline to consider arguments or issues first raised in a reply brief." *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 512 (D. Md. 2009). However, in keeping with its broad discretion and considering the fact that Defendants' Response submits precedent from the United States Court of Appeals for the Third Circuit which this Court finds instructive, Plaintiffs' request to strike Section III of Defendants' Opposition to Plaintiffs' Motion for Leave to File a Sur-Reply (ECF No. 12) is denied.

## CONCLUSION

For the reasons stated above, it is this 5th day of January 2012, ORDERED that:

1. Plaintiffs' Motion For Leave to File Sur-Reply in Response to Defendants' Memorandum in Reply to Plaintiffs' Opposition to the Motion to Dismiss or Stay Pending Arbitration (ECF No. 9) is GRANTED;

2. The Clerk of the Court transmit copies of this Order and accompanying Memorandum Opinion to Counsel;

Dated: January 5, 2012

/s/ *Richard D. Bennett*

Richard D. Bennett
United States District Judge

3